## UNITED STATES v. OHIO WATER SERVICE CO.
### No. 11271.

United States Court of Appeals Sixth Circuit.

Decided Oct. 19, 1951.

Franklin B. Powers, Paul J. Fleming, Youngstown, Ohio, on the brief, for appellee.

A. Devitt Vanech, Washington, D. C., A. F. O'Neil, Cleveland, Ohio, Roger P. Marquis, Elizabeth Dudley, Washington, D. C., on the brief, for appellant.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This appeal by the United States from a judgment for $75,000, entered upon the verdict of the jury in this land condemnation action, has been duly heard and considered.

The land of the appellee, Ohio Water Service Company, condemned for public use consisted of approximately 667 acres in a rural community of Ohio. Three real estate appraisers who testified for the government based their testimony largely upon sales of neighborhood farmlands and valued the land taken at from $15 to $23 per acre, for a total valuation of the land taken at from $15,130 to $21,880.

Expert witnesses for the land owner valued the acreage taken at from $325,000 to $350,000. Their valuations were based upon the adaptability of the land for reservoir purposes. Appellant contends that their testimony was incompetent, for the reason that, in arriving at their valuations, they ignored the factor of the prices received on sales of land in the vicinity.

We think the position is not well taken. At most, the objection would go to the credibility of the expert witnesses and the weight to be given their testimony. The jury evidently viewed the testimony in that aspect, for the award of $75,000 was obviously materially lower than the opinion valuations of the challenged experts. Moreover, from the whole record, the amount awarded compared with the valuations placed upon neighboring land was not an excessive verdict for just compensation to the land owner, in view of the proven adaptability of its land for more profitable uses than farming.

Examination of the record discloses that the case, involving many technical objections to admissibility of evidence, was well tried in the district court; and, in our opinion, no reversible error was committed

in the admission or exclusion of evidence. An excellent charge was delivered to the jury as is evidenced by the reply of the government trial attorney when asked by the judge if he desired to except to the charge: "I do not believe it could be improved upon. I think it is perfect."

We find no present need for reiteration of the rules of evidence of practical use in land condemnation cases, but merely refer to two of our opinions which, together, constitute a rather complete review of the decisions of the Supreme Court of the United States upon the subject matter. United States v. Pennsylvania-Dixie Cement Corporation, 6 Cir., 1949, 178 F.2d 195; Morton Butler Timber Co. v. United States, 6 Cir., 1937, 91 F.2d 884.

The judgment of the district court is affirmed.